1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

IN RE OCLARO, INC. DERIVATIVE
LITIGATION

This Document Relates To:

    All Actions.

)
)
)
)
)
)
)
)
)
)

Lead Case No. 11-cv-03176-EMC

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

EXHIBIT A

1   WHEREAS, a consolidated action is pending before this Court styled *In re Oclaro, Inc.*

2   *Derivative Litigation*, Lead Case No. 11-cv-03176-EMC (the "Litigation");

3   WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4   Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a

5   Stipulation of Settlement dated as of February 7, 2014 (the "Stipulation" or "Settlement"),

6   which, together with the exhibits annexed thereto, sets forth the terms and conditions for a

7   proposed settlement of the Actions and for dismissal of the Actions with prejudice upon the

8   terms and conditions set forth therein; and the Court having read and considered the Stipulation

9   and the exhibits annexed thereto; and

10   WHEREAS, all defined terms herein have the same meanings as set forth in the

11   Stipulation.

12   NOW, THEREFORE, IT IS HEREBY ORDERED:

13   1.   The Court does hereby preliminarily approve the Stipulation and the Settlement

14   set forth therein, subject to further consideration at the Settlement Hearing described below.

15   2.   The Settlement Hearing shall be held before this Court on ___July 31___, 2014, at

16   _1:30_ _p_.m., at the United States District Court for the Northern District of California, located at

17   450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed

18   Settlement of the Actions on the terms and conditions provided for in the Stipulation is fair,

19   reasonable, and adequate to current Oclaro stockholders and Oclaro, and should be approved by

20   the Court; whether the Final Order and Judgment as provided in ¶1.10 of the Stipulation should

21   be entered; and to determine the amount of fees and expenses that should be awarded to

22   Plaintiffs' Counsel.  The Court may adjourn the Settlement Hearing without further notice to

23   current or former Oclaro stockholders.

24   3.   The Court approves, as to form and content, the Notice of Proposed Settlement of

25   Derivative Action (the "Notice") annexed as Exhibit A-1 hereto and finds that the distribution of

26   the Notice substantially in the manner and form set forth in this Order meet the requirements of

27   Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the

28

1  circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.  All

2  reasonable expenses incurred in providing the Notice set forth herein shall be paid as set forth in

3  the Stipulation.

4       4.    Within ten (10) calendar days after the entry of this Order, Oclaro shall cause the

5  Notice to be: (a) filed with the U.S. Securities and Exchange Commission on Form 8-K; (b)

6  published once in *Investor's Business Daily*; and (c) posted to the investor relations section of

7  the Company's website.  The Stipulation shall also be posted to the investor relations section of

8  Oclaro's website at least through the date of the Settlement Hearing.  Prior to the Settlement

9  Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration

10  with respect to filing and posting of the Notice.

11      5.    Within ten (10) calendar days after entry of this Order, Plaintiffs' Counsel shall

12  post copies of the Notice and Stipulation on the websites of Johnson & Weaver, LLP and

13  Robbins Arroyo LLP at least through the date of the Settlement Hearing.  Prior to the Settlement

14  Hearing, Plaintiffs' Counsel shall file with the Court an appropriate affidavit or declaration with

15  respect to posting copies of the Notice and Stipulation on their respective websites.

16      6.    All current Oclaro stockholders shall be subject to and bound by the provisions of

17  the Stipulation, the releases contained therein, and by all orders, determinations, and judgments,

18  including the Final Order and Judgment, in the Actions concerning the Settlement, whether

19  favorable or unfavorable to current Oclaro stockholders or Oclaro.

20      7.    Any current Oclaro stockholder may enter an appearance in the Litigation, at their

21  own expense, individually or through counsel of their own choice.  If they do not enter an

22  appearance, they will be represented by Plaintiffs' Counsel.

23      8.    Any current Oclaro stockholder may appear and show cause, if he, she or it has

24  any reason why the proposed Settlement of the Actions should or should not be approved as fair,

25  reasonable, and adequate, why a judgment should or should not be entered thereon, why

26  attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided,

27  however, that no current Oclaro stockholder or any other Person shall be heard or entitled to

28

1 | contest such matters, unless that Person has filed said objections, papers, and briefs with the

2 | Clerk of the United States District Court for the Northern District of California, on or before

3 | _July 7_, 2014. Any current Oclaro stockholder who does not make his, her or its objection

4 | in the manner provided shall be deemed to have waived such objection and shall forever be

5 | foreclosed from making any objection to the fairness, reasonableness or adequacy of the

6 | proposed Settlement as set forth in the Stipulation and to the award of attorneys' fees and

7 | expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall be bound by the

8 | Final Order and Judgment to be entered and the releases to be given.

9 |       9.      All opening briefs and supporting documents in support of the Settlement, and

10 | any application by Plaintiffs' Counsel for attorneys' fees and expenses shall be filed and served

11 | by _June 23_, 2014, fourteen (14) calendar days prior to the deadline for objections in ¶8

12 | above. Any reply briefs and supporting documents shall be filed and served by _July 17_,

13 | 2014, ~~seven (7)~~ _fourteen (14)_ calendar days prior to the Settlement Hearing.

14 |       10.     Neither the Released Persons nor Defendants' Counsel shall have any

15 | responsibility for any application for attorneys' fees or expenses submitted by Plaintiffs'

16 | Counsel, and such matters will be considered separately from the fairness, reasonableness, and

17 | adequacy of the Settlement.

18 |       11.     At or after the Settlement Hearing, the Court shall determine whether any

19 | application for attorneys' fees or payment of expenses shall be approved.

20 |       12.     Neither the Stipulation nor the Settlement contained therein, nor any act

21 | performed or document executed pursuant to or in furtherance of the Stipulation or the

22 | Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the

23 | validity of any Released Claim, any allegation made in the Actions, or of any wrongdoing or

24 | liability of the Released Persons; or (b) is or may be deemed to be or may be used as an

25 | admission of, or evidence of, any fault or omission of any of the Released Persons in any civil,

26 | criminal or administrative proceeding in any court, administrative agency or other tribunal.

27 | Neither this Stipulation nor the Settlement, nor any act performed or document executed

28 |

1  pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any

2  proceeding for any purpose except that the Released Persons may file the Stipulation and/or the

3  Final Order and Judgment in any action that may be brought against them in order to support a

4  defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

5  faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

6  preclusion or similar defense or counterclaim.

7       13.    The Court may approve the Settlement, with such modifications as may be agreed

8  to by the Settling Parties, if appropriate, without further notice to current or former Oclaro

9  stockholders. The Court further reserves the right to enter the Final Order and Judgment, inter

10  alia, dismissing the Actions with prejudice as provided for by the Stipulation at or after the

11  Settlement Hearing and without further notice.

12       14.    The Court retains jurisdiction over all proceedings arising out of or related to the

13  Stipulation and/or the Settlement.

14       15.    If the Stipulation and the Settlement set forth therein is not approved or

15  consummated for any reason whatsoever, this Order shall be rendered null and void, and shall be

16  vacated, *nunc pro tunc*, and the Stipulation and Settlement and all proceedings had in connection

17  therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

18       16.    Without further order of the Court, the Settling Parties may agree to reasonable

19  extensions of time to carry out any of the provisions of this Order or the Stipulation.

20       17.    Pending final determination as to whether the Settlement as set forth in the

21  Stipulation should be approved, no current Oclaro stockholder shall commence, prosecute,

22  pursue, or litigate any Released Claim against any Released Persons.

IT IS SO ORDERED.

DATED:  ___5|5|14___

THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT COURT JUDGE

876830_2

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT   - 4 -

# Exhibit A-1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| IN RE OCLARO, INC. DERIVATIVE LITIGATION | ) ) ) | Lead Case No. 11-cv-03176-EMC |
| | ) ) | NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION |
| This Document Relates To: | ) ) ) | |
| All Actions. | ) ) ) | EXHIBIT A-1 |

**TO:    ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF OCLARO, INC. ("OCLARO")**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.**

**YOU ARE HEREBY NOTIFIED** that the above-captioned consolidated stockholder derivative litigation (the "Federal Action"), as well as the stockholder derivative litigation pending in the Santa Clara County Superior Court entitled *Moskal v. Couder et al.*, Case No. 1-11-CV-202880 (the "State Action") (collectively, the "Actions"), are being settled on the terms set forth in the Stipulation of Settlement dated as of February 7, 2014 (the "Stipulation" or "Settlement"). This Notice is provided by Order of the United States District Court for the Northern District of California (the "Court"). It is not an expression of any opinion by the Court with respect to the truth of the allegations in the litigation or the merits of the claims or defenses asserted by or against any party. It is solely to notify you of the terms of the proposed Settlement, and your rights related thereto. The Court has made no findings or determinations concerning the merits of the Actions. Capitalized terms not otherwise defined shall have the definitions set forth in the Stipulation.

## I.    WHY THE COURT HAS ISSUED THIS NOTICE

Your rights may be affected by the Settlement of the Actions. The parties to the Actions have agreed upon terms to settle the Actions and have signed the Stipulation setting forth those settlement terms.

## II.    SUMMARY OF THE ACTIONS

On June 27, 2011, Federal Plaintiff filed a shareholder derivative complaint in the Federal Court on behalf of Oclaro and against the Individual Defendants for alleged violations of state law, including breach of fiduciary duty, unjust enrichment, and waste of corporate assets. Two similar shareholder derivative complaints were filed in the Federal Court on June 28, 2011 and July 7, 2011, respectively. On July 20, 2011, the Federal Court consolidated the three related actions.

On June 10, 2011, State Plaintiff filed the State Complaint purporting to assert similar derivative claims against the Individual Defendants on behalf of nominal defendant Oclaro. Both the Actions generally allege that the Individual Defendants failed to disclose that: (i) demand for Oclaro's products was flat or declining; (ii) Oclaro did not have a reasonable basis for its forecast of accelerated gross margin growth or that orders for Oclaro products would cover forecasted financial results; and (iii) Oclaro's capacity to meet forecasted revenues, earnings, and margin growth was severely compromised, which caused Oclaro's stock to trade at artificially inflated prices. On November 29, 2011, the Federal Court entered an order staying the Federal Action until certain motions were resolved in a related Securities Class Action.

On August 27, 2013, the Settling Parties participated in an all-day, in-person mediation session with the Honorable Layn R. Phillips (Ret.) ("Judge Phillips"). The parties made substantial progress at the mediation, but were unable to achieve a resolution of the Actions at that time. On or about September 2, 2013, Judge Phillips submitted a confidential "mediator's proposal" designed to help the Settling Parties reach an agreement to resolve the Actions. As a result of that process, and subject to the approval of the Federal Court, the Settling Parties have reached an agreement to settle the Actions upon the terms and subject to the conditions set forth in this Stipulation

## III.   TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT

The principal terms, conditions and other matters that are part of the Settlement are subject to approval by the Court and a number of other conditions. This Notice should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and may be viewed at www._____.com. As set forth therein, the terms of the Settlement include: (1) the adoption, implementation and/or maintenance of certain corporate governance measures; and (2) the payment of attorneys' fees to Plaintiffs' Counsel in an aggregate amount not to exceed $250,000.

**IV.    DISMISSAL OF ACTIONS AND RELEASE OF CLAIMS**

The Stipulation also provides for the entry of judgment dismissing the Actions on the merits with prejudice, and certain releases as detailed in the Stipulation.

**V.    PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSES**

The maximum amount of aggregate fees and expenses that will be sought by Plaintiffs' Counsel to resolve the Actions is $250,000.  To date, Plaintiffs' Counsel have not received any payments for their efforts on behalf of Oclaro stockholders.  Any fee awarded by the Court is designed to compensate Plaintiffs' Counsel for the results achieved in the Actions and the risks of undertaking the prosecution of the Actions on a contingent basis.

**VI.    REASONS FOR THE SETTLEMENT**

The Settling Parties have determined that it is desirable and beneficial that the Actions, and all of their disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

**A.    Why Did Plaintiffs Agree To Settle?**

Plaintiffs' Counsel conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Actions.  Plaintiffs and Plaintiffs' Counsel recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Actions against the Individual Defendants through trial and through possible appeals.  Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Actions, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' Counsel are also mindful of the inherent problems of establishing demand futility, and the possible defenses to the claims alleged in the Actions.

**B.    Why Did The Individual Defendants Agree To Settle?**

Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing made by Plaintiffs in the Actions and maintain furthermore that they have meritorious defenses.  Defendants have expressly denied and continue to deny all *charges of*

1  wrongdoing or liability against them arising out of any of the conduct, statements, acts or
2  omissions alleged, or that could have been alleged, in the Actions, and Defendants contend that
3  many of the allegations in the Complaint are materially inaccurate. The Individual Defendants
4  also have denied and continue to deny, among other allegations, the allegations that Plaintiffs,
5  Oclaro or its stockholders have suffered damage or that Plaintiffs, Oclaro or its stockholders
6  were harmed in any way by the conduct alleged in the Actions or otherwise. The Individual
7  Defendants have further asserted that at all times they acted in good faith and in a manner they
8  reasonably believed to be, and that was in the best interests of, Oclaro and its stockholders.
9  Nonetheless, Defendants have concluded that further conduct of the Actions would be protracted
10  and expensive, and that it is desirable that the Actions be fully and finally settled in the manner
11  and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into
12  account the uncertainty and risks inherent in any litigation, especially in complex cases like the
13  Actions.

14  **VII.  SETTLEMENT HEARING**

15  Pursuant to an Order of the United States District Court for the Northern District of
16  California, a Settlement Hearing will be held on _____, 2014, at __:__ __.m.,
17  before the Honorable Edward M. Chen, United States District Court Judge for the Northern
18  District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, for the
19  purpose of determining: (1) whether the proposed Settlement, including the requested attorneys'
20  fees and expenses, should be approved by the Court as fair, reasonable, and adequate; and
21  (2) whether the Actions should be dismissed on the merits with prejudice. If the Settlement is
22  approved, you will be subject to and bound by the provisions of the Stipulation, the releases
23  contained therein, and by all orders, determinations, and judgments, including the Final Order
24  and Judgment, in the Actions concerning the Settlement, whether favorable or unfavorable to
25  you or Oclaro.

26  Pending final determination of whether the Settlement should be approved, no Oclaro
27  stockholder, either directly, representatively, derivatively, or in any other capacity, shall
28

1  commence or prosecute against any of the Released Persons, any action or proceeding in any
2  court, administrative agency, or other tribunal asserting agency any of the Released Claims.

3          **VIII.   RIGHT TO ATTEND THE SETTLEMENT HEARING**

4          You may enter an appearance in the Litigation, at your own expense, individually or
5  through counsel of your choice.  If you do not enter an appearance, you will be represented by
6  Plaintiffs' Counsel.  If you want to object at the Settlement Hearing, then you must first comply
7  with the procedures for objecting, which are set forth below.  The Court has the right to change
8  the hearing date or time without further notice.  Thus, if you are planning to attend the
9  Settlement Hearing, you should confirm the date and time before going to the Court. If you have
10 no objection to the Settlement, you do not need to appear at the Settlement Hearing or take any
11 other action.

12         **IX.      THE PROCEDURES FOR OBJECTING TO THE SETTLEMENT**

13         Any current Oclaro stockholder may appear and show cause, if he, she or it has any
14 reason why the proposed Settlement of the Actions should or should not be approved as fair,
15 reasonable, and adequate, why a judgment should or should not be entered thereon, why
16 attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided,
17 however, that no current Oclaro stockholder or any other Person shall be heard or entitled to
18 contest such matters, unless that Person has filed said objections, papers, and briefs with the
19 Clerk of the United States District Court for the Northern District of California, on or before
20 _____, 2014. Any current Oclaro stockholder who does not make his, her or its objection
21 in the manner provided shall be deemed to have waived such objection and shall forever be
22 foreclosed from making any objection to the fairness, reasonableness or adequacy of the
23 proposed Settlement as set forth in the Stipulation and to the award of attorneys' fees and
24 expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall be bound by the
25 Final Order and Judgment to be entered and the releases to be given.

26         All opening briefs and supporting documents in support of the Settlement, and any
27 application by Plaintiffs' Counsel for attorneys' fees and expenses shall be filed and served by

28

1 | _____, 2014, fourteen (14) calendar days prior to the deadline for objections set forth

2 | herein.  Any reply briefs and supporting documents shall be filed and served by _____,

3 | 2014, seven (7) calendar days prior to the Settlement Hearing.

4 |       Any objection to any aspect of the Settlement must be filed with the Clerk of the Court

5 | no later than _____, 2014, at the following address:

6 |
7 |
8 |

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

9 | **X.      HOW TO OBTAIN ADDITIONAL INFORMATION**

10 |       This Notice summarizes the Stipulation.  It is not a complete statement of the events of

11 | the Actions or the terms of the Settlement contained in the Stipulation.

12 |       You may inspect the Stipulation and other papers in the Federal Action at the United

13 | States District Court Clerk's office at any time during regular business hours of each business

14 | day.  The Clerk's office will not mail copies to you.  In addition, this Notice and the Stipulation

15 | can be viewed on the Company's website at www._____.com.  Inquiries regarding the proposed

16 | Settlement also may be made to counsel for the Federal Plaintiffs: Frank J. Johnson, Johnson &

17 | Weaver, LLP, 110 West "A" Street, Suite 750, San Diego, California 92101; Telephone: (619)

18 | 230-0063.

19 | **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**
20 | **REGARDING THIS NOTICE.**

21 |

22 | DATED: _____, 2014       BY ORDER OF THE COURT
23 |                                UNITED STATES DISTRICT COURT
                               NORTHERN DISTRICT OF CALIFORNIA

24 |
25 |
26 |
27 |
28 |

# Exhibit B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE OCLARO, INC. DERIVATIVE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |

Lead Case No. 11-cv-03176-EMC

This Document Relates To:

    All Actions.

[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND DISMISSING ACTIONS WITH PREJUDICE

EXHIBIT B

1    This matter came before the Court for hearing pursuant to the Order of this Court dated

2 _____, 2014 ("Preliminary Approval Order"), on the application of the parties for approval

3 of the settlement set forth in the Stipulation of Settlement dated as of February 7, 2014 (the

4 "Stipulation" or "Settlement"). Due and adequate notice having been given to the Class as

5 required in said Order, and the Court having considered all papers filed and proceedings had

6 herein and otherwise being fully informed in the premises and good cause appearing therefore,

7 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

8    1.    This Final Order and Judgment incorporates by reference the definitions in the

9 Stipulation, and all terms used herein shall have the same meanings as set forth in the

10 Stipulation, unless otherwise set forth herein.

11    2.    This Court has jurisdiction over the subject matter of the Federal Action and over

12 all parties thereto, including Plaintiffs, the current stockholders of Oclaro, and Defendants.

13    3.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the

14 Settlement set forth in the Stipulation as fair, reasonable, and adequate to the Settling Parties in

15 all respects, and directs that the Settlement be consummated in accordance with the terms and

16 conditions set forth in the Stipulation.

17    4.    The Court hereby dismisses on the merits, and with prejudice, the Federal Action

18 and all Released Claims. Except as otherwise provided in the Stipulation, each party shall bear

19 their own costs.

20    5.    Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on

21 behalf of Oclaro) and Oclaro shall have, and each Oclaro stockholder by operation of this Final

22 Order and Judgment shall be deemed to have, fully, finally, and forever waived, released,

23 relinquished, discharged, and dismissed: (a) the Released Claims against the Released Persons;

24 and (b) any and all claims (including Unknown Claims) against the Released Persons arising out

25 of, relating to, or in connection with, the defense, Settlement, and resolution of the Actions.

26    6.    Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on

27 behalf of Oclaro) and Oclaro shall have, and each Oclaro stockholder by operation of this Final

28

1  Order and Judgment shall be deemed to have, covenanted not to sue the Released Persons with
2  respect to the Released Claims, and shall be forever barred and enjoined from commencing,
3  instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of
4  law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against
5  any of the Released Persons.

6       7.      The Court finds that the Notice given to current Oclaro stockholders of the
7  Settlement, the Stipulation, and the Settlement Hearing was the best notice practicable under the
8  circumstances, and that said notice fully satisfied the requirements of Federal Rule of Civil
9  Procedure 23 and the requirements of due process.

10      8.      The Court hereby approves an aggregate fee award in the amount of $_____ in
11 accordance with the terms of the Stipulation, finds that such fee award is fair and reasonable, and
12 directs said amounts to be paid to Plaintiffs' Counsel as provided in the Stipulation.

13      9.      Neither the Stipulation nor the Settlement contained therein, nor any act
14 performed or document executed pursuant to or in furtherance of the Stipulation or the
15 Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the
16 validity of any Released Claim, or of any wrongdoing or liability of Defendants or their
17 respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of,
18 or evidence of, any liability, fault or omission of any of Defendants or their respective Related
19 Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or
20 other tribunal, or (c) is or may be deemed to be or may be used as an admission or evidence that
21 any claims asserted by Federal Plaintiff were not valid or that the amount recoverable was not
22 greater than the Settlement Amount, in any civil, criminal or administrative proceeding in any
23 court, administrative agency, or other tribunal.  Neither the Stipulation nor the Settlement, nor
24 any act performed or document executed pursuant to or in furtherance of the Stipulation or the
25 Settlement shall be admissible in any proceeding for any purpose except that the Released
26 Persons may file the Stipulation and/or the Final Order and Judgment from this Litigation in any
27 other action that may be brought against them in order to support a defense or counterclaim
28

1 based on principles of *res judicata*, collateral estoppel, release, good faith Settlement, judgment

2 bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

3 counterclaim.

4      10.    Without affecting the finality of this Final Order in any way, this Court hereby

5 retains continuing jurisdiction over the Federal Action and the parties to the Stipulation to enter

6 any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for

7 therein, and the provisions of this Final Order and Judgment.

8      11.    The Court finds that during the course of the Federal Action, the Settling Parties

9 and their respective counsel at all times complied with the requirements of Federal Rule of Civil

10 Procedure 11, California Code of Civil Procedure § 128.7, and all other similar laws.

11      12.    In the event that the Settlement does not become effective in accordance with the

12 terms of the Stipulation, or the Effective Date does not occur, then this Final Order and Judgment

13 shall be rendered null and void to the extent provided by and in accordance with the Stipulation

14 and shall be vacated and, in such event, all orders entered and releases delivered in connection

15 herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16      13.    Without further order of the Court, the Settling Parties may agree to reasonable

17 extensions of time to carry out any of the provisions of the Stipulation.

18      14.    Judgment shall be, and hereby is, entered dismissing the Federal Action with

19 prejudice and on the merits.   The Court finds that this Final Order and Judgment is a final,

20 appealable judgment and should be entered in accordance with Federal Rule of Civil Procedure

21 58.

22      IT IS SO ORDERED.

23

24 DATED: _____   _____

                      THE HONORABLE EDWARD M. CHEN

25                       UNITED STATES DISTRICT COURT JUDGE

26

27

28